UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM SHARPE,

    Plaintiff,

v.                                                        CASE NO. 3:17-cv-598-J-MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

## **MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his applications for a period of disability, disability insurance benefits, and supplemental security income. After holding two administrative hearings on August 14, 2015 and February 17, 2016, respectively, the assigned Administrative Law Judge ("ALJ") issued a decision finding Plaintiff not disabled from January 10, 2008, the alleged disability onset date, through April 20, 2016, the date of the ALJ's decision. (Tr. 18-29, 35-92, 243, 249.) Based on a review of the record, the briefs, and the applicable law, the Commissioner's decision is due to be **AFFIRMED**.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 12, 14.)

1

## I. Standard

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II. Discussion

Plaintiff argues that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence because, rather than

adopting Dr. Leonard M. Rubin's opinion that Plaintiff could lift and carry up to twenty pounds occasionally, the ALJ determined that Plaintiff could lift and carry up to ten pounds *frequently* and up to twenty pounds occasionally. Because the ALJ's RFC determination and hypothetical question to the vocational expert ("VE") were less restrictive than Dr. Rubin's opined limitation for lifting and carrying up to ten pounds occasionally, Plaintiff argues that "the testimony of the VE does not have the necessary medical underpinning and the decision is not supported by substantial evidence for that reason." (Doc. 16 at 7.) Plaintiff adds that if his RFC was sedentary, he would be disabled under Grid Rule 201.10, because he is over 50 years of age, has a limited education, and has no transferrable skills to sedentary work. (*Id.* at 8.) The Commissioner responds that substantial evidence supports the ALJ's finding that Plaintiff could perform the jobs identified by the VE. The Court agrees with the Commissioner.

At step two of the five-step sequential evaluation process, the ALJ found that Plaintiff had the following severe impairments: status post left thalamic stroke with right-sided weakness, hypertension, and degenerative disc disease. (Tr. 21.) The ALJ then found that Plaintiff had the RFC to perform light work with limitations, including, but not limited to, lifting and carrying 20 pounds occasionally and 10 pounds frequently. (Tr. 22.) In doing so, the ALJ discussed the medical records, Plaintiff's complaints, and the opinions of Dr. Rubin, a medical expert specializing in internal medicine who testified at the February 17,

3

2016 administrative hearing.  (Tr. 23-27, 602.)

The ALJ addressed Dr. Rubin's August 20, 2015 Medical Source Statement of Ability to Do Work-Related Activities (Physical), in which the doctor opined, in relevant part, that Plaintiff could lift and carry up to 20 pounds occasionally due to right-sided mild weakness, and was capable of normal work activities, except working with machinery or at heights.[2]  (Tr. 25, 597-602, 605-07.)  As noted by the ALJ, Dr. Rubin stated that Plaintiff had 4/5 strength in his right upper and lower extremities and 5/5 strength on his left side.  (Tr. 25, 606.) The ALJ stated:

> Significant weight is given to Dr. Rubin's opinions regarding the functional capacity and impairments of the claimant, as those opinions are generally consistent with the overall evidence discussed.  To the extent Dr. Rubin's statements could be construed as indicating that an opinion after a physical examination would be better, such an opinion is given little weight, as the evidence does not establish any prejudice to the claimant.
> . . .
> In sum, the [RFC] assessment set forth above is supported by the objective medical evidence, including the claimant's treatment records and the medical opinion of record.

(Tr. 27; *see also* Tr. 26.)

Although the ALJ's RFC determination and hypothetical question did not precisely match Dr. Rubin's opinions as to lifting and carrying, the ALJ's findings did not need to mirror or match the findings or opinions of any particular medical

---

[2] Dr. Rubin noted there was sufficient objective medical and other evidence to allow him to form opinions about the nature and severity of Plaintiff's impairments during the relevant time period.  (Tr. 605.)

4

source because the responsibility for assessing the RFC rests with the ALJ. *Kopke v. Astrue*, 2012 WL 4903470, *5 (M.D. Fla. Sept. 26, 2012) (report and recommendation adopted by 2012 WL 4867423 (M.D. Fla. Oct. 15, 2012)).

Here, the ALJ properly considered the evidence of record and determined that Plaintiff could lift and carry 10 pounds frequently and 20 pounds occasionally. The ALJ acknowledged Plaintiff's statements that he could not lift anything with his right hand, could lift about 20 pounds frequently with his left hand, had difficulty using his right arm and hand, and would drop objects occasionally. (Tr. 23, 49-50, 52-54, 58-59.) The ALJ then considered Dr. Rubin's statement that Plaintiff "recovered nicely from his stroke with no motor or sensory defects on the right side of his body." (T. 23, 78, 597 (noting mild weakness on the right side), 599 (noting slight right-sided weakness).) Further, the ALJ considered the medical records showing right-sided weakness with numbness and tingling as a result of Plaintiff's left thalamic stroke in December 2012. (Tr. 24-25.) The ALJ noted, however, that Plaintiff "retain[ed] 4/5 strength in his right extremities, and ha[d] been described as having no obvious functional deficits." (Tr. 25.) Thus, the ALJ found "the residuals of [Plaintiff's] stroke to be mild in nature, and not productive [sic] of work-preclusive limitations." (*Id.*) The ALJ's findings are supported by substantial evidence. (*See, e.g.*, Tr. 399 ("There is 4/5 strength in the right upper and lower extremity with normal left side strength."), 451 (same), 583 (same), 485 (noting that a CT scan of the head showed "[i]nterval resolution

5

of left thalamic hemorrhage"); *but see* Tr. 460 ("Right upper extremity, 3/5; right lower extremity, 4/5; left upper and lower extremities, 5/5.").)

Plaintiff seems to suggest that because the ALJ accorded significant weight to Dr. Rubin's opinions, he was required to incorporate all of his opinions into the RFC. However, the ALJ gave significant weight to Dr. Rubin's opinions only to the extent they were consistent with the overall evidence. (Tr. 27.) As shown above, the ALJ determined the RFC assessment after considering the objective medical evidence of record, including Plaintiff's treatment records, and his determination is supported by substantial evidence. Further, to the extent Plaintiff suggests that the hypothetical question to the VE was improper because it did not include Dr. Rubin's opined limitations for lifting and carrying, there is no error because the ALJ was not required to include in the hypothetical question any limitations or opinions that were properly rejected. *See Crawford*, 363 F.3d at 1161 (stating that the ALJ is not required to include findings in the hypothetical question that the ALJ has properly rejected as unsupported by the record).

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **AFFIRMED**.

2. The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on June 8, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record